IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | 8:08CR256 |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND |
| ) | |
| JAMES D. SUMMERS, ) | RECOMMENDATION |
| ) | |
| Defendant. ) | |

This matter is before the court on the motion to dismiss filed by defendant James D. Summers (Summers) (Filing No. 20). Summers is charged in the Indictment with knowingly failing to register as a sex offender in the State of Nebraska as required by the Sex Offender Registration and Notification Act (SORNA) (Count I) in violation of 18 U.S.C. § 2250(a). Summers moves to dismiss the Indictment because: (1) Congress lacked the authority to enact SORNA under the Commerce Clause; (2) Congress improperly delegated its legislative authority to the Attorney General to prescribe rules for the implementation of SORNA; (3) 18 U.S.C. § 2250 violated the ex post facto clause of the United States Constitution; (4) the Indictment violates Summers's rights under the Due Process Clause; (5) SORNA impermissibly encroaches upon state power under the Tenth Amendment; and (6) SORNA impermissibly burdens the fundamental right to interstate travel. The government filed an opposition to Summers's motion (Filing No. 22). A hearing was held on September 15, 2008, whereupon counsel submitted a stipulation into evidence. **See** Filing No. 28 (Transcript).

**THE INDICTMENT**

**COUNT I**

From on or about August 2007 and continuing until at least June 2008, in the District of Nebraska, JAMES D. SUMMERS, having previously been convicted in the State of Nebraska of an offense requiring him to register as a sex offender, to-wit: Third Degree Sexual Assault, traveled in interstate commerce to Nebraska, and knowingly failed to register as a sex

offender in the State of Nebraska, where he resided and worked, as required by the Sex Offender Registration and Notification Act.

In violation of Title 18, United States Code, Section 2250(a).

## STIPULATION

The parties stipulated to the following facts for the purpose of this motion:

> 1. Defendant James D. Summers was convicted in Lincoln County, Nebraska of misdemeanor sexual assault on a child and was sentenced on December 4, 2003.
> 2. Defendant registered in Nebraska as a sex offender upon his release from jail.
> 3. Defendant moved from Nebraska to Iowa in June of 2005 where he registered as a sex offender.
> 4. Iowa authorities discovered that the defendant left his registered Iowa address in June 2007 without notification.
> 5. Defendant moved to Nebraska and was working in Nebraska on August 29, 2007 with an address in Omaha, Nebraska.
> 6. Defendant had not registered in Nebraska from his last registered address in Iowa until his return to Nebraska.

**See** Exhibit 1.

## LEGAL ANALYSIS

Title I of the Adam Walsh Child Protection and Safety Act of 2006 (Adam Walsh Act), P.L. 109-248 (2006), encompasses the Sex Offender Registration and Notification Act (SORNA), 42 U.S.C. § 16913. The Adam Walsh Act, including SORNA, was approved by the President on July 27, 2006. SORNA created a new federal offense, 18 U.S.C. § 2250, of failing to register as a sex offender, known as a Federal Failure to Register (FFR).

42 U.S.C. § 16913 provides:

> § 16913. Registry requirements for sex offenders
>
> (a)   In general --
>
>> A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student.

>    For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.
>
> (b) Initial registration --
>    The sex offender shall initially register--
>       (1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or
>       (2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.
>
> (c) Keeping the registration current --
>    A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.
>
> (d) Initial registration of sex offenders unable to comply with subsection (b) of this section --
>    The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before July 27, 2006 or its implementation in a particular jurisdiction, and to prescribe rules for the registration of any such sex offenders and for other categories of sex offenders who are unable to comply with subsection (b) of this section.
>
> (e) State penalty for failure to comply --
>    Each jurisdiction, other than a Federally recognized Indian tribe, shall provide a criminal penalty that includes a maximum term of imprisonment that is greater than 1 year for the failure of a sex offender to comply with the requirements of this subchapter.

18 U.S.C. § 2250 provides:

> § 2250. Failure to register
>
> (a) In general. --Whoever--
> (1) is required to register under the Sex Offender Registration and Notification Act;
> (2) (A) is a sex offender as defined for the purposes of the Sex Offender Registration and Notification Act by reason of a conviction under Federal law (including the Uniform Code of Military Justice), the law of the District of Columbia, Indian tribal law, or the law of any territory or possession of the United States; or
> (B) travels in interstate or foreign commerce, or enters or leaves, or resides in, Indian country; and
> (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act;
>
> shall be fined under this title or imprisoned not more than 10 years, or both.

Nebraska's Sex Offender Registration Act, Neb. Rev. Stat. § 29-4011, *et seq.*, required Summers to register and update his registration through NSPSOR.

The Attorney General did not exercise his authority under 42 U.S.C. § 16913(d) until February 28, 2007, when he issued an interim rule stating that it is "indisputably clear that SORNA applies to sex offenders (as the Act defines that term) regardless of when they were convicted." 72 FR 8894, 8896.

### A. Commerce Clause

Summers asserts Congress lacked the authority under the Commerce Clause to enact SORNA citing *United States v. Lopez*, 514 U.S. 549 (1995) and its progeny. However, the Eighth Circuit has found SORNA to be a valid exercise of Congress's powers under the Commerce Clause by finding "SORNA derives its authority from each prong of *Lopez* – and most specifically, the ability to regulate 'persons or things in interstate commerce' and 'the use of the channels of interstate commerce.'" *United States v. May,*

535 F3d 912, 921 (8th Cir. 2008). The Indictment against Summers clearly alleges an interstate commerce nexus and survives scrutiny of Congress's powers under the Commerce Clause. Accordingly, Summers's claim of an unconstitutional exercise of power is without merit.

**B.     Impermissible Delegation of Authority**

Summers argues Congress unconstitutionally abdicated its authority to enact legislation by delegating to the Attorney General the power to specify SORNA's applicability to sex offenders convicted prior to July 27, 2006. As in *May*, Summers lacks standing to raise such a challenge as Summers was not a person unable to register before SORNA's enactment and § 16913(d)'s authorization for the Attorney General to promulgate specified regulations. *May*, 535 F.3d at 921.

**C.     Ex Post Facto**

Summers asserts prosecution of him under the Indictment violates the ex post facto clause of the U.S. Constitution.[1] Summers's argument is misplaced as Summers is not charged with violating SORNA by being a sex offender, an offense which occurred prior to the enactment of SORNA. He is charged as a sex offender who traveled in interstate commerce and then failed to register as a sex offender after the enactment of SORNA. Furthermore, the Eighth Circuit has found that the enactment of SORNA was not an ex post facto violation. As in *May*, prosecution of Summers under the Indictment is not retrospective and not a violation of the ex post facto clause. *May*, 535 F.3d at 920.

**D.     Due Process Violation**

Summers argues prosecution of him under the Indictment would violate his rights under the Due Process Clause of the Fifth Amendment as such a prosecution would fail to provide Summers adequate notice and fair warning of criminal conduct citing *Lambert v. California*, 355 U.S. 225 (1958). The *Lambert* defense is unavailable where a

---

[1] Article 1, § 9, cl. 3, United States Constitution.

defendant's claimed lack of awareness of a prohibition is objectively unreasonable. *United States v. Hutzell*, 217 F.3d, 966, 968 (8th Cir. 2000). Sex offender registration is not a new phenomenon. Summers was well aware of the registration requirement having done so when he first moved from Nebraska to Iowa. **See** *United States v. Lovejoy*, 516 F. Supp. 2d 1032, 1037-38 (D. N.D. 2007). Accordingly, Summers's due process rights were not violated.

**E.     Tenth Amendment Violation**

Summers asserts SORNA violates the Tenth Amendment by impermissibly encroaching on powers reserved to the states. Aside from whether the defendant has standing to challenge to raise a Tenth Amended claim, SORNA is insulated from such a claim because SORNA is a constitutional exercise of Congress's spending power under Article I, Section 8. **See** *United States v. Shenandoah*, 572 F. Supp. 2d 566, 584-85 (M.D. Pa. 2008); *United States v. Zuniga*, No. 4:07CR3156, 2008 WL 2184118, at *17-20 (D. Neb. May 23, 2008). "The spending power authorizes Congress to 'attach conditions on the receipt of federal funds . . . to further broad policy objectives by conditioning receipt of federal moneys upon compliance by the recipient with federal statutory and administrative directives.'" *Shenandoah*, 572 F. Supp. 2d at 585 (**quoting** *South Dakota v. Dole*, 483 U.S. 203, 206 (1987)). Rather than force the states to act, SORNA offers financial incentives to encourage states to comply with SORNA requirements. *Id.* Accordingly, Summers cannot show an encroachment of federal power upon state sovereignty, and his Tenth Amendment challenge must fail.

**F.     Impermissible Burden on Interstate Travel**

Summers argues SORNA impermissibly burdens the fundamental right to travel because it has the effect of discouraging a class of persons from migrating from state to state. Additionally, Summers contends this burden cannot be constitutionally permissible unless SORNA is necessary to promote a compelling government interest. Summers is correct that the right to travel has been recognized as a fundamental right by the United States Supreme Court. **See** *Jones v. Helms*, 452 U.S. 412, 418 (1981). Additionally,

statutes that unreasonably burden the right to travel are subject to strict scrutiny and "must pass muster under the compelling-state-interest test." *Maher v. Roe*, 432 U.S. 464, 488 (1977). "However, 'mere burdens on a person's ability to travel from state to state' which are not unreasonable do not necessarily violate the right to travel." *Shenandoah*, 572 F. Supp. 2d at 585 (**citing** *Saenz v. Roe*, 526 U.S. 489, 499 (1999)).

The defendant admits "[t]he government's interest in preventing the reoccurrence of sex offenses and cautioning potentially susceptible individuals is undoubtedly compelling." **See** Filing No. 21 - Brief p. 28. However, the defendant argues SORNA is not necessary to promote such interest. The defendant points to a three-year window for states to comply with the registration requirements and the presence of individual state registries to counter any argument SORNA is necessary.

In contrast to the defendant's arguments, courts have found "SORNA's registration requirements are narrowly tailored to serve this compelling interest and do not unreasonably burden the right to travel." *Shenandoah*, 572 F. Supp. 2d at 586 (noting every court confronted by this issue has found there is not unreasonable burden on the right to travel). Courts note SORNA requirements do not treat people differently based on their status as travelers, but based on their status as sex offenders. *Id.* Additionally, the requirements allow police officers to keep track of sex offenders, if they relocate. *Id.* The law does not prevent a class of persons from relocating. *Id.* The defendant's arguments with regard to the delay in implementing SORNA do not detract from the constitutional permissibility of the statute. For these reasons, SORNA requirements do not unreasonably burden Summers's right to travel.

## CONCLUSION

Summers's motion to dismiss the Indictment should be denied.

**IT IS RECOMMENDED TO JUDGE LAURIE SMITH CAMP that:**

Summers's motion to dismiss (Filing No. 20) be denied.

**ADMONITION**

Pursuant to NECrimR 57.3 any objection to this Report and Recommendation shall be filed with the Clerk of the Court within ten (10) business days after being served with a copy of this Report and Recommendation. Failure to timely object may constitute a waiver of any objection. The brief in support of any objection shall be filed at the time of filing such objection. Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

DATED this 31st day of October, 2008.

BY THE COURT:

s/Thomas D. Thalken
United States Magistrate Judge