IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:08CR256 |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| JAMES D. SUMMERS, | ) | |
| Defendant. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 29) issued by Magistrate Judge Thomas D. Thalken recommending that the motion to dismiss (Filing No. 20) filed by the Defendant, James D. Summers, be denied. Summers filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 30, 31) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

Summers is charged in a one-count Indictment with failing to register as a sex offender in Nebraska as required by the Sex Offender Registration and Notification Act ("SORNA"), in violation of 18 U.S.C. § 2250(a). (Filing No. 1.) Summers seeks dismissal of the Indictment, arguing the following in his motion: 1) Congress lacked authority under the Commerce Clause to enact SORNA; 2) Congress improperly delegated its legislative authority to the Attorney General to prescribe rules for implementing SORNA; 3) § 2250 violates the Ex Post Facto clause of the United States Constitution; 4) the Indictment violates his due process rights; 5) SORNA impermissibly encroaches upon state power under the Tenth Amendment; and 6) SORNA impermissibly burdens his fundamental right to interstate travel.

Following an evidentiary hearing, Judge Thalken issued a Report and Recommendation. (Filing No. 29.) Judge Thalken concluded: Summers's Commerce

Clause challenge is without merit; Summers lacks standing to raise the question of the delegation of authority to the Attorney General; Summers's prosecution did not violate the Ex Post Facto Clause; Summers's due process rights were not violated; SORNA does not violate the Tenth Amendment; and SORNA does not impermissibly burden Summers's right to travel. Judge Thalken therefore recommends that the motion to dismiss be denied.

## STANDARD OF REVIEW

Under 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court must make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

Judge Thalken provided a summary of the essential facts, which include the allegations in the Indictment and the parties' stipulated facts. (Filing No. 29, at 1-2.) The Court also carefully viewed the stipulation, which is the only item of evidence. (Filing No. 25.) Summers does not object to Judge Thalken's statement of the facts, and the Court adopts Judge Thalken's factual findings.

## FACTUAL BACKGROUND

The Indictment alleges:

> From on or about August 2007 and continuing until at least June 2008, in the District of Nebraska, JAMES D. SUMMERS, having been previously convicted in the State of Nebraska of an offense requiring him to register as a sex offender, to-wit: Third Degree Sexual Assault, traveled in interstate commerce to Nebraska, and knowingly failed to register as a sex offender in

2

the State of Nebraska, where he resided and worked, as required by the Sex Offender Registration and Notification Act.

In violation of Title 18, United States Code, Section 2250(a).

(Filing No. 1.)

The parties stipulated to the following facts:

1. Defendant James D. Summers was convicted in Lincoln County, Nebraska of misdemeanor sexual assault on a child and was sentenced on December 4, 2003.

2. Defendant registered in Nebraska as a sex offender upon his release from jail.

3. Defendant moved from Nebraska to Iowa in June of 2005 where he registered as a sex offender.

4. Iowa authorities discovered that the defendant left his registered Iowa address in June 2007 without notification.

5. Defendant moved to Nebraska and was working in Nebraska on August 29, 2007, with an address in Omaha, Nebraska.

6. Defendant had not registered in Nebraska from his last registered address in Iowa until his return to Nebraska.

(Filing No. 25, Ex. 1.)

## ANALYSIS

Summers objects to the Report and Recommendation, arguing that SORNA violates: 1) the Commerce Clause; 2) the nondelegation doctrine; 3) the Ex Post Facto Clause; 4) his due process rights; 5) the Tenth Amendment; and 6) his fundamental right to interstate

travel.  (Filing No. 30.)  Summers filed a supporting brief.  (Filing No. 31.)  It should be noted that at the evidentiary hearing before Judge Thalken, defense counsel acknowledged the Eighth Circuit's decision in *United States v. May,* 535 F.3d 912, 921 (8th Cir. 2008), stating that the motion was filed to preserve any arguments for Supreme Court review.  The arguments are briefly discussed below.

*Commerce Clause*

Defense counsel candidly acknowledges the *May* decision determining that SORNA does not violate the Commerce Clause and states that the objection is filed to preserve the issue for Supreme Court review.  (Filing No. 31, at 4.)  The objection is noted and denied. *May,* 535 F.3d at 922.

*Nondelegation Doctrine*

Defense counsel acknowledges the holding in *May,* 535 F.3d at 921, and Judge Thalken's conclusion that, as in *May,* Summers lacks standing to raise a challenge to the Attorney General's authority delegated by Congress to apply SORNA to persons convicted before July 27, 2006, because Summers was able to register before SORNA's enactment.  However, defense counsel raises an objection to Judge Thalken's conclusion to preserve the issue for Supreme Court review.  The objection is noted and denied.  *Id.*

*Ex Post Facto Clause*

As in *May,* 535 F.3d at 920, Summers traveled in interstate commerce and failed to register as a sex offender after SORNA's enactment, although his underlying conviction predated SORNA.  Therefore, Judge Thalken concluded that SORNA does not violate the Ex Post Facto Clause as applied to Summers.  Summers argues that Judge Thalken did not consider this argument.  This Court disagrees, as Judge Thalken's conclusion read in

4

the context of the relevant portion of the *May* decision shows that Judge Thalken considered the argument.

Summers rests his argument not on *May,* but rather on Chief Judge Bataillon's opinion in *United States v. Aldrich,* 8:07CR158, 2008 WL 427483 (D. Neb. Feb. 14, 2008), in which Judge Bataillon found that applying SORNA to a situation in which a defendant's underlying conviction predated SORNA violates the Ex Post Facto Clause.  Respectfully, this Court disagrees with Judge Bataillon's decision. *See United States v. Craft,* 2008 WL 1882904, at *7 & n.3 (D. Neb. April 23, 2008) (Hon. Warren K. Urbom) (noting that the weight of authority does not support the *Aldrich* decision).  The objection is denied.

*Due Process Clause*

Summers argues that the notice and fair warning requirements of the Due Process Clause are violated in his case because the evidence does not show that Summers knew about SORNA's passage.  Summers relies in part on *Aldrich,* which in turn relies in part on *United States v. Ficke,* 58 F. Supp. 2d 1071 (D. Neb. 1999).  *Ficke,* which involved a prosecution for possessing a firearm after the defendant had been convicted of a state misdemeanor domestic assault, is distinguishable.  In deciding *Ficke* under facts particular to that case, Judge Bataillon reasoned:

> The defendant here would have no way of knowing that mere possession of hunting firearms had become felonious conduct two years after his misdemeanor conviction unless he spent considerable time in law libraries keeping track of amendments to federal firearms statutes, a highly unlikely scenario considering the defendant's educational background, or he otherwise received notice of the section's enactment and its application to his situation.

*Id.* at 1074-75.

5

In contrast to *Ficke,* Summers had reason to know that registration as a sex offender in Nebraska even prior to SORNA's enactment was required in light of the Nebraska state registration requirement and because Summers registered when he moved from Nebraska to Iowa.  The objection is denied.

*Tenth Amendment*

Summers argues that SORNA violates the Tenth Amendment.  However, Summers presents no direct authority to support his argument.  This Court finds no supporting authority before or after the date of the decision in *United States v. Keleher,* 2008 WL 5054116, at *11 (E.D. Cal. Nov. 19, 2008) (as of the date of the opinion, every court has rejected the argument that SORNA violates the Tenth Amendment).  The objection is denied.

*Interstate Travel*

Summers objects to Judge Thalken's conclusion that SORNA violates his fundamental right to interstate travel, citing no direct authority.  The only other court that has considered the issue rejected the argument.  *United States v. Lawrance,* 2008 WL 5123846, at *2 (10th Cir.  Dec. 8, 2008).  The objection is denied.

## CONCLUSION

For the reasons discussed, the Defendant's objections are overruled and the Report and Recommendation is adopted.

IT IS ORDERED:

1. The Magistrate Judge's Report and Recommendation (Filing No. 29) is adopted in its entirety;

    b.      The Statement of Objections to the Report and Recommendation (Filing No. 30) is denied;

3.      The Defendant's motion to dismiss (Filing No. 20) is denied.

DATED this 16th day of December, 2008.

                                      BY THE COURT:

                                      s/Laurie Smith Camp
                                      United States District Judge